IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Miranda Ann Lunsford,　　　　　　　　　　　　　　No. 3:20cv2655

　　　Plaintiff,

　　　v.　　　　　　　　　　　　　　　　　　　　　　**ORDER**

Commissioner of Social Security,

　　　Defendant.

This is an appeal from the denial of Social Security benefits. The Honorable Magistrate Judge Darrell A. Clay has issued a Report and Recommendation, recommending that I deny the claimant's complaint. (Doc. 21). Plaintiff, Miranda Ann Lunsford, has filed an objection, (Doc. 22), and the Commissioner has filed a response, (Doc. 23).

For the following reasons, I overrule Lunsford's objection and I approve and adopt Magistrate Judge Clay's Report and Recommendation.

## Discussion

Lunsford argues that the ALJ erred in giving great weight to the consultative examiner, Dr. Ryan Lakin's, opinion. At the time Dr. Lakin wrote the opinion, her treating physicians had diagnosed her as having fibromyalgia. (Doc. 15, pgID 581). Subsequently, she consulted a rheumatologist, Dr. Michael Gordon, who diagnosed her condition as rheumatoid arthritis. (*Id.*, pgID 635). Lunsford asserts that without Dr. Gordon's diagnosis, Dr. Lakin could not give a persuasive opinion regarding her limitations. She also argues that I should remand her case to the Commissioner for consideration of three pieces of evidence that her doctors created after the ALJ had issued her decision. Neither argument has merit.

### 1. Doctor Gordon's Diagnosis

Lunsford's argument that opinions given prior to Dr. Gordon's rheumatoid arthritis diagnosis fails for two reasons: it is not a fully accurate depiction of the facts and it is legally meritless.

### A. Lunsford's Discussion of the Record is Not Entirely Accurate

At the time a state agency doctor reviewed Lunsford's medical records on the initial claim review, on October 3, 2018, her diagnosis was fibromyalgia. (*Id.*, pgID 204). However, another state agency doctor reviewed the file on reconsideration on January 1, 2019. At that time, the record included Dr. Gordon's treatment record for an October 18, 2018 examination. (*Id.*, pgID 641).

In that record, Dr. Gordon diagnosed Lunsford with inflammatory polyarthritis and stated "[t]his woman has low-grade inflammatory arthritis involving her hands." (*Id.*). He expressed doubt about her prior gout diagnosis and said that he would be "more concerned about rheumatoid arthritis." (*Id.*). The reconsideration physician summarized Dr. Gordon's October 18 treatment notes at length in his opinion. (*Id.*, pgID 216). Thus, the reconsideration physician knew that Dr. Gordon believed that arthritis caused Lunsford's hand pain and that he suspected her arthritis was rheumatoid.

In addition, when the ALJ made her decision, she had reviewed Dr. Gordon's treatment records through August 27, 2019; well after Dr. Gordon diagnosed Lunsford's arthritis as rheumatoid. (*Id.*, pgId 622-53, 656-75). She also reviewed Dr. Gordon's September 10, 2019 Medical Source Statement. (*Id.*, pgID 127). The ALJ provided a detailed and cogent explanation of why she assessed Dr. Gordon's opinion as unpersuasive. (*Id.*).

Thus, Lunsford's premise, that the state agency physicians did not know that Dr. Gordon had diagnosed arthritis and, specifically, that he believed it might be rheumatoid arthritis, mischaracterizes the record.

### B. Lunsford's Legal Analysis Is Meritless

Lunsford's contention that the ALJ could not find Dr. Ryan's opinion persuasive because he did not know that Dr. Gordon had diagnosed her with rheumatoid arthritis is mistaken.

Lunsford is incorrect in focusing myopically on her diagnosis. "It is a plaintiff's functional limitations, not his diagnosis, that determines whether he is disabled." *Dailey v. Colvin*, No. 2:11-0098, 2013 WL 1775152, at *13 (M.D. Tenn.), *report and recommendation adopted*, No. 2:11-CV-0098, 2013 WL 2155568 (M.D. Tenn.); *accord Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988). This is because "a diagnosis, standing alone, offers little evidence of a claimant's functional limitations." *Miller v. Astrue*, No. 1:12-CV-16, 2012 WL 6644390, at *5 (S.D. Ohio), *report and recommendation adopted*, No. 1:12-CV-16, 2013 WL 360375 (S.D. Ohio).

Thus, a claimant cannot meet his or her burden merely by establishing a diagnosis but, instead, must present evidence that the disorder is functionally disabling. *Foster, supra*, 853 F.2d at 489; *see also Stevens v. Astrue*, 839 F. Supp. 2d 939, 949 (S.D. Ohio 2012) ("Plaintiff bore the responsibility of not merely producing a diagnosis of an impairment, but of demonstrating correlative functional limitation."). An ALJ bases his or her decision on the applicant's residual functional capacity, which is defined as "the most she can still do despite her limitations, to the physical and mental demands of her past relevant work." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 499 (6th Cir. 2006) (citing 20 C.F.R. §§ 416.920(f), 416.945(a)(1)). If the

3

claimant remains able to function sufficiently to perform substantial gainful activity, then his or her diagnosis does not alter the result.

Regardless whether Lunsford's diagnosis should have been fibromyalgia or rheumatoid arthritis, Dr. Lakin conducted a physical examination to measure her actual functional limitations. Among other measures, he examined her range of motion and characterized her abilities to pinch, grasp, and make fine and gross manipulation as normal. (Doc. 15, pgID 582). Lunsford presents no authority that requires an ALJ to reject a consulting physician's opinion regarding a claimant's functional limitations based on a physical examination merely because at the time the physician examined the claimant, there was some uncertainty regarding the claimant's diagnosis.

Nor does the fact a consulting examiner did not have access to the patients records created after the examiner renders an opinion necessarily undermine his or her opinion. As the Third Circuit explained in *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011), "because state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision." Thus, the court in *Brown v. Saul*, noted:

> "[i]f the Court were to adopt the Plaintiff's argument, any consultative examiner should be summarily dismissed if their opinion was submitted without full review of a plaintiff's medical record or predated any treatment records. The Court is unaware of such a rule and finds no error in the weight assigned [to the consultative examiner]."

No. 5:19-CV-02135, 2020 WL 5569594, at *7 (N.D. Ohio.) (Ruiz, M.J.) (quoting *Grant v. Colvin*, No. 3:14cv399, 2015 WL 4713662 at *13 (E.D. Tenn.)).

Instead, precedent establishes that a physician's opinion requires updating only "when the ALJ concludes that new medical evidence might change the state agency physician's findings." *Blankenship v. Comm'r of Soc. Sec.*, No. 2:13-CV-483, 2014 WL 3734362, at *9 (S.D. Ohio)

4

(citing *Chandler, supra*, 667 F.3d at 361). An ALJ may consider an allegedly outdated medical opinion so long as the ALJ demonstrates in his or her decision that he or she considered the evidence that became available after the medical source issued the opinion and took into account any relevant, subsequent changes in the claimant's condition. *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009); *accord Myland v. Comm'r of Soc. Sec.*, No. 17-1592, 2017 WL 5632842 at *2 (6th Cir.); *Dobbs v. Comm'r of Soc. Sec. Admin.*, No. 3:19-CV-2367, 2020 WL 6044362, at *8 (N.D. Ohio) (Burke, M.J.).

Here, as noted above, the ALJ examined Dr. Gordon's treatment records and thoroughly explained the reasons why she found his opinion unpersuasive. (Doc. 15, pgID 124-25, 127). Accordingly, she did not err in relying in part on Dr. Lakin's opinion along with her own review of the evidence for her ruling.

### 2. Lunsford's Additional Evidence Does Not Warrant Remand

Lunsford argues that I should remand her case to the Commissioner so that he can consider three pieces of medical evidence created after the ALJ issued her opinion. Sentence Six of 42 U.S.C. § 405(g) permits the Court to remand the case for further administrative proceedings without ruling on the merits. A claimant seeking a Sentence Six remand bears the burden of showing (1) the evidence at issue is both new and material, and (2) good cause excusing the failure to incorporate such evidence into the record in a prior proceeding. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

Judge Clay recommends that I deny Lunsford's request for remand on the ground that the new evidence she wants the ALJ to consider on remand is not material. I agree.

Evidence is material if "a reasonable probability" exists that the Commissioner "would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

The three pieces of evidence for which Lunsford seeks remand are: 1) the records of a December 17, 2019 appointment with Dr. Gordon, during which she reported feeling better since she started taking Humira, (Doc. 15, pgId 135); ) the records of a January 30, 2020 appointment with her primary care physician, during which she reported that her back pain was stable, and the physician found her physical examination largely normal, (*id.*, pgID 104); and 3) a second opinion from Dr. Gordon, dated March 9, 2020, (*id.*, pgID 654-55).

As Judge Clay found, (Doc. 21, pgID 745), the first two documents are not likely to alter the ALJ's decision denying her claim because they reflect that Lunsford's condition was improving.

Dr. Gordon's second opinion also is not reasonably likely to change the ALJ's decision. Dr. Gordon wrote his first opinion on the Commissioner's standard Physical Medical Source Statement form. (Doc. 15, pgID 654-55). On that form, he rated Lunsford's functional limitations such as her abilities to stand, walk and sit during a workday. He opined that Lunsford could only work for four hours per day performing work that was "Sedentary with Breaks." (*Id.*, pgID 655). As the ALJ accurately noted, Dr. Gordon's opinion placed Lunsford "at less than a sedentary exertional level." (*Id.*, pgID 127).

Dr. Gordon wrote his second opinion in letter form on March 9, 2020. (*Id.*, pgID 102). He appears to have written it to address his "office notes that give the impression that Ms Lunsford is not disabled." (*Id.*).

6

In the letter, Dr. Gordon described Lunsford's symptoms and the various medications he had prescribed to treat it. That information was largely cumulative of his prior treatment records and therefore, would not have been likely to alter the ALJ's decision. "New evidence must indeed be new; it cannot be cumulative of evidence already in the record." *Elliott v. Apfel*, 28 F. App'x 420, 423 (6th Cir. 2002); *see also Willis v. Sec'y of Health & Human Servs.,* 727 F.2d 551, 554 (6th Cir. 1984) (same).

Other than his summary of information already contained in his treatment records and a description of a single additional examination that he conducted well after the ALJ issued her decision, Dr. Gordon's letter only added his opinion that Lunsford "c[ould] not work full time." (Doc. 15, pgID 102). In his first report, Dr. Gordon's opinion clearly demonstrated that he believed Lunsford could not perform full-time work. His letter only stated that conclusion expressly.

Thus, Dr. Gordon's letter was merely cumulative of his prior opinion and does not justify remand. In addition, the determination whether Lunsford was capable of full-time work – in other words, whether she was disabled - is a determination that is reserved to the Commissioner. *Beery v. Comm'r of Soc. Sec.*, 819 F. App'x 405, 408 (6th Cir. 2020); 20 C.F.R. § 404.1527(d)(1).

Because the documents Lunsford contends the Commissioner should consider do not show "a reasonable probability" that the Commissioner "would have reached a different disposition of the disability claim if presented with [it]," *Sizemore, supra*, 865 F.2d at 711, it cannot justify a remand.

Accordingly, it is ORDERED THAT:

7

1. Lunsford's objections to the Report and Recommendation (Doc. 22) be, and the same hereby are, OVERRULED;

2. The Report and Recommendation (Doc. 21) be, and hereby is, APPROVED and ADOPTED as the opinion of this court;

3. Lunsford's complaint be, and the same hereby is, DISMISSED WITH PREJUDICE; and

4.) The Clerk of Court shall mark this matter closed.

So ordered.

/s/ James G. Carr<br>Sr. U.S. District Judge